H. L. SMITH, Administrator with Will Annexed of the Estate of Mary Duncan, Deceased, Plaintiff and Appellee, v. JOHN RANDOLPH, Administrator of the Estate of Jonathan Duncan, Deceased, Defendant and Appellant.

**Trusts:** EVIDENCE: ADMISSIONS. In an action by the widow against the administrator of her husband's estate to impress a trust upon a promissory note, evidence that plaintiff signed and verified a petition for the appointment of the administrator, in which it was stated that deceased owned personal property in value the same as the amount of the note, while admissible as an admission was not of great weight, owing to the aged and enfeebled condition of plaintiff and the circumstances under which it was drawn and executed.

**Same:** BURDEN OF PROOF. It being undisputed, in an action to impress a trust upon a note in the hands of the administrator of her husband's estate, that the note represented a part of the proceeds of land belonging to plaintiff, and it came into possession of her husband as her agent, the burden was on the administrator to show that the husband had acquired the ownership by gift or otherwise.

*Appeal from Keokuk District Court.*—HON. JOHN F. TALBOTT, Judge.

MONDAY, MARCH 17, 1913.

THIS is a suit in equity to impress a trust upon and establish ownership of a promissory note for $2,200. There was a decree for the plaintiff, and the defendant appeals.— *Affirmed.*

*D. W. Hamilton* and *Fred Smith,* for appellant.

*Eicher & Livingston* and *Talley & Hamilton,* for appellee.

EVANS, J.—Mary Duncan and Jonathan Duncan were husband and wife. The husband died in 1909. This suit was begun against his administrator by the widow. Pending the suit the plaintiff died and her administrator was substituted. The controversy between the administrators of the two estates relates to the ownership of a promissory note for $2,200. This note was dated March, 1906, and was drawn payable to Jonathan Duncan and signed by one S. Dings and one Moritz as surety. The note was given by the makers to Jonathan Duncan for money loaned. The contention of the plaintiff is that the money thus loaned was the money of the wife, Mary, and that it was loaned by her husband as an agent only. It is undisputed that the money so loaned was a part of the proceeds of the sale of a farm of eighty acres. This farm belonged to the wife and had belonged to her from a time prior to the marriage. It was sold in June, 1905, for $6,500. Of this purchase price, $6,450 was represented by two promissory notes executed by the purchaser, one for $4,250 and the other for $2,200, both payable March 1st following, and both secured by mortgage, On March 1st the $2,200 note was paid, and the other appears to have been extended. The business was transacted by Jonathan and the $2,200 note was paid to him. Upon such payment, he immediately loaned the proceeds thereof to Dings and took from Dings the note now in controversy.

The theory and contention of the defendant is that the husband and wife divided the proceeds of the farm and awarded one-third thereof to the husband and two-thirds thereof to the wife. This theory would be plausible enough if there were any substantial evidence to support it. If it can be said that there is any evidence at all in support of this theory, it is the merest scintilla. These parties were married in 1876. At that time Mary owned this farm. Jonathan was a widower with four children He was a laborer and had no property. They occupied this farm and farmed the same until 1891. After that date they rented

the land in lieu of farming, but continued to occupy it until 1901, when they bought a home in town and moved into it. Here they continued until the death of Jonathan in 1909. No children were born. Nothing was ever expended for additional improvements on the farm subsequent to the marriage. There was some incumbrance on the farm. It appears, however, to have been created in 1877 and was afterwards paid out of the resources of Mary in the form of notes held by her and legacies received by her.

The principal evidence relied on by the defendant to show Jonathan's ownership of the note in controversy is the fact that after his death, Mary, the widow, signed a petition for the appointment of the present administrator, and that such petition contained a recital that the decedent owned $1,200 worth of real estate and $2,200 worth of personal property. This petition was prepared by the attorney of the heirs of Jonathan Duncan. It was presented to the widow for her signature. It was read to her by the attorney, who explained to her also that she had the first right to appointment as administrator unless she consented to the appointment of Mr. Randolph. She answered that she was satisfied with the appointment of Mr. Randolph. The attorney did not profess to be acting as her attorney. Neither did he inform her that he was attorney for the heirs or for any one else. She was at that time eighty-four years of age. Her faculties had failed to a marked degree. Her signature was in the form of "her mark," although she had been able to write in former years. She also verified the petition before the attorney as notary. The offered evidence was admissible as in the nature of admissions, but in the circumstances shown it is not entitled to be regarded as of great weight.

1. TRUSTS: evidence: admissions.

There is evidence of a conversation with one witness tending to show knowledge of Mary that Jonathan had this note, but this also is very indefinite. Nycum, the purchaser of the farm, testified that he "rather thought" that

the purchase-money notes executed by him were payable to Jonathan, but that he "could not tell exactly." The $2,200 note had been destroyed by him after its payment and was therefore not produced. It appears beyond question that the $4,250 note was payable to Mary. The mortgage, also, that was executed by Nycum, described both notes as payable to Mary.

The sum of the situation therefore is that the note in controversy represented a part of the proceeds of the sale of Mary's farm, and that such proceeds came into the hands of Jonathan as the agent of his

2. SAME: burden of proof.

wife. The burden therefore was on the defendant administrator to show by satisfactory evidence that the ownership of these proceeds had been acquired by Jonathan either by gift or otherwise. The trial court found the evidence insufficient. We reach the same conclusion.

The decree of the lower court must therefore be *Affirmed*.